**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DEBRA MORRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-11-302-M |
| ) | |
| LEGEND SENIOR LIVING, LLC; ) | |
| OKC ALF, LLC d/b/a THE LEGEND ) | |
| AT RIVENDELL, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Before the Court is plaintiff's Motion to Compel the Deposition of Mr. Thornton, filed February 10, 2012. On March 5, 2012, defendants filed their response, and on March 8, 2012, plaintiff filed her reply. Based upon the parties' submissions, the Court makes its determination.

On January 31, 2012, the parties appeared for the deposition of Mr. Matthew Thornton, who is Vice President of Operations for defendant Legend Senior Living, LLC. Present for the deposition was Melva Noakes, who has been identified as a witness in this case and who has her own lawsuit pending against defendant Legend Senior Living, LLC. Because Ms. Noakes had not yet been deposed in this case, counsel for defendants objected to her attending the deposition of Mr. Thornton and refused to allow Mr. Thornton to give his deposition with Ms. Noakes present. Counsel for the parties were unable to work out a resolution to this issue, and the deposition was stopped. Because defendants had not yet filed a motion for protective order as they indicated they would do, plaintiff filed the instant motion requesting the Court compel the deposition of Mr. Thornton and seeking costs and her attorney's fees.

Federal Rule of Civil Procedure 30(c) was amended in 1993 to make it clear that deposition witnesses are not subject to sequestration as a general rule. Rule 30(c) provides, in pertinent part:

"The examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence, except Rules 103 and 615." Fed. R. Civ. P. 30(c). Federal Rule of Evidence 615 provides that "[a]t the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses . . . ." Fed. R. Evid. 615. The 1993 Advisory Committee Notes to Rule 30(c) explain the purpose of excepting Rule 615 as follows:

> In addition, the revision addresses a recurring problem as to whether other potential deponents can attend a deposition. Courts have disagreed, some holding that witnesses should be excluded through invocation of Rule 615 of the evidence rules, and others holding that witnesses may attend unless excluded by an order under Rule 26(c)(5). The revision provides that other witnesses are not automatically excluded from a deposition simply by the request of a party. Exclusion, however, can be ordered under Rule 26(c)(5) when appropriate; and, if exclusion is ordered, consideration should be given as to whether the excluded witnesses likewise should be precluded from reading, or being otherwise informed about, the testimony given in the earlier depositions. The revision addresses only the matter of attendance by potential deponents, and does not attempt to resolve issues concerning attendance by others, such as members of the public or press.

Fed. R. Civ. P. 30 Advisory Committee Note to 1993 Amendments.

Federal Rule of Civil Procedure 26(c)(1)(E)[1] provides, in pertinent part:

> The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> \*     \*     \*
>
> (E)   designating the persons who may be present while the discovery is conducted; . . . .

Fed. R. Civ. P. 26(c)(1)(E).

---

[1] Rule 26(c)(1)(E) is former Rule 26(c)(5).

The party seeking a protective order must show "good cause" for its request. *Id.*; *Am. Benefit Life Ins. Co. v. Ille*, 87 F.R.D. 540, 543 (W.D. Okla. 1978). "'Good cause' within the meaning of Rule 26(c) contemplates a 'particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Am. Benefit*, 87 F.R.D. at 543 (quoting *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973)).

In her motion, plaintiff states that Ms. Noakes was an employee under the supervision of Mr. Thornton who has her own claim against him and plaintiff's counsel desired to have Ms. Noakes present because she could provide information which would assist in assessing certain aspects of Mr. Thornton's testimony and facilitate his examination. Defendants assert that if counsel requires assistance during Mr. Thornton's deposition, it would seem logical that plaintiff Debra Morris could provide counsel with the most pertinent information about her claims. Defendants further note that the protective order entered in this case requires that copies of documents may not be provided to expected witnesses in the action and that such persons must be advised that they must maintain such information as confidential. Finally, defendants contend that Ms. Noakes should not attend any other witness' deposition until such time as she has been deposed to ensure that her testimony is not altered or adjusted to favor plaintiff with whom she shares counsel.

Having carefully reviewed the parties' submissions, the Court finds defendants have not shown good cause for their request for a protective order precluding Ms. Noakes' presence at Mr. Thornton's deposition. Specifically, the Court finds defendants have not provided any particular or specific demonstration of fact that would lead this Court to believe that there are special circumstances present that require sequestration of Ms. Noakes. The Court further finds that no provision of the protective order entered in this case would be violated by Ms. Noakes' attendance

at Mr. Thornton's deposition. Additionally, the Court finds defendants have presented no particular facts that would lead this Court to conclude that Ms. Noakes cannot be trusted to tell the truth or that her attendance at Mr. Thornton's deposition will affect her testimony. Furthermore, if the Court were to order sequestration in this case, sequestration would be necessary in virtually every case.

Finally, the Court finds that an award of costs and attorney's fees would not be appropriate in this case. Mr. Thornton and defendants' counsel drove from Wichita, Kansas to attend the deposition and incurred fees and costs as a result and will have to again drive from Wichita, Kansas and incur fees and costs to attend the continuation of Mr. Thornton's deposition. The Court finds the fact that defendants will incur these fees and costs twice is a sufficient sanction in this case.

Accordingly, the Court GRANTS plaintiff's Motion to Compel the Deposition of Mr. Thornton [docket no. 38] and ORDERS that the deposition of Mr. Matthew Thornton go forward with Ms. Melva Noakes present.

**IT IS SO ORDERED** this 14th day of March, 2012.

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE